**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LUIS ASENCIO,**<br><br>                              **Plaintiff,**<br><br>**-against-**<br><br>**THE CHEFS' WAREHOUSE, INC., and DAIRYLAND USA CORP.,**<br><br>                              **Defendants.** | **Case No. 20 Civ. 7656** |

## COMPLAINT

Plaintiff Luis Asencio, by and through his attorneys, Kessler Matura, P.C., complaining of Defendants The Chefs' Warehouse, Inc. ("Chefs' Warehouse") and Dairyland USA Corp. ("Dairyland," together with Chefs' Warehouse, "Defendants"), alleges as follows:

### INTRODUCTION

1.      Chefs' Warehouse and its wholly owned subsidiary, Dairyland, warehouse and distribute food products across the country.  One of Dairyland's principal warehouses and distribution centers (the "Bronx Warehouse") sits in the Bronx, New York.

2.      Dairyland employed Mr. Asencio as a porter from approximately June 2015 until March 2020 in the Bronx Warehouse.  While at work in Dairyland's Bronx Warehouse on or about March 14, 2020, Mr. Asencio began to display COVID-19-like symptoms, including nausea, headache, and fever.  A Dairyland manager saw Mr. Asencio vomit and told Mr. Asencio to go to the hospital to be tested for COVID-19.

3.      Mr. Asencio tested positive for COVID-19.  Despite informing Dairyland's Human Resources department of his illness and need for sick leave, Dairyland terminated Mr. Asencio's employment on March 24, 2020.

**NATURE OF THE CLAIMS**

4.      The unlawful discrimination described herein was committed in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), the New York State Human Rights Law, N.Y. Executive Law §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

5.      Plaintiff anticipates filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and intends to file an Amended Complaint alleging violations of the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12101, *et seq.* ("ADAAA"), following the EEOC's completion of its investigation and/or issuance of a Notice of Right to Sue.

6.      Following commencement of this action, a copy of this Complaint will be served both on the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of the NYCHRL.

7.      Any and all other prerequisites to the filing of this suit have been met.

**JURISDICTION & VENUE**

8.      Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 2601, *et seq*.

9.      This Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. § 1367(a).

10.      Venue is proper within this Judicial District pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred in the Southern District of New York.

## THE PARTIES

**Plaintiff Luis Asencio**

11.     Plaintiff Luis Asencio is a resident of Bronx County, New York.

12.     At all times relevant, Plaintiff was an "eligible employee" of Defendants within the meaning of 29 U.S.C. § 2611(2) in that Plaintiff was employed by Defendants for more than twelve months prior to the events underlying this lawsuit; was employed by Defendants for at least 1,250 hours during the 12-month period immediately preceding commencement of the leave which underlies this lawsuit; and Defendants employed more than 50 employees within a 75-mile radius of where Plaintiff worked.

13.     Plaintiff suffered from a serious health condition within the meaning of 29 U.S.C. § 2611(11), as he contracted COVID-19 in March of 2020.

14.     At all times hereinafter mentioned, Plaintiff was an "employee" within the meaning of all applicable statutes.

**Defendants**

***Defendant The Chefs' Warehouse, Inc.***

15.     At all times relevant, Defendant Chefs' Warehouse was an "employer" within the meaning of 29 U.S.C. § 2611(4) in that it engaged in an industry affecting interstate commerce and employed more than 50 employees for each work day during each of 20 or more calendar workweeks in the current and preceding calendar year.

16.     At all times relevant to the Complaint, Defendant Chefs' Warehouse was and still is a corporation organized and existing pursuant to the laws of the State of Delaware.

17.     At all times hereinafter mentioned, Defendant Chefs' Warehouse was and still is an "employer" within the meaning of all applicable statutes.

3

18.    At all times hereinafter mentioned, Defendant Chefs' Warehouse was and still is the parent corporation to Defendant Dairyland.

19.    Upon information and belief, while Defendant Chefs' Warehouse was and still is headquartered at 100 East Ridge Road, Ridgefield, Connecticut 06877, several of Chefs' Warehouse executives maintained and still maintain offices at the Bronx Warehouse and are there frequently.

20.    Upon information and belief, the Human Resources department for Defendant Chefs' Warehouse also served and still serves as the Human Resources department for Defendant Dairyland.

***Defendant Dairyland USA Corp.***

21.    At all times relevant, Defendant Dairyland was an "employer" within the meaning of 29 U.S.C. § 2611(4) in that it engaged in an industry affecting interstate commerce and employed more than 50 employees for each work day during each of 20 or more calendar workweeks in the current and preceding calendar year.

22.    At all times relevant to the Complaint, Defendant Dairyland was and still is a corporation organized and existing pursuant to the laws of the State of New York.

23.    At all times relevant to the Complaint, Defendant Dairyland maintained a principal place of business at 100 East Ridge Road, Ridgefield, Connecticut 06877.

24.    At all times hereinafter mentioned, Defendant Dairyland was and still is an "employer" within the meaning of all applicable statutes.

25.    At all times hereinafter mentioned, Defendant Dairyland was and still is a wholly owned subsidiary of Defendant Chefs' Warehouse.

26.     Upon information and belief, several executives of Defendant Chefs' Warehouse are also executives of Defendant Dairyland.

## FACTS

27.     Mr. Asencio was employed by Defendant Dairyland starting in approximately June 2015.

28.     Mr. Asencio worked at Dairyland's Bronx Warehouse located at 240 Food Center Drive in Bronx, New York.

29.     During his employment at Dairyland, Mr. Asencio held the full-time position of porter.  As a porter, Mr. Asencio disinfected bathrooms, swept and polished floors, removed trash, and assisted company handymen with building repairs.

30.     Over the term of Mr. Asencio's employment, he received several certificates from Chefs' Warehouse commending his work.  Chefs' Warehouse twice awarded Mr. Asencio with employee-of-the-month honors.

31.     On approximately March 14, 2020, while at work, Mr. Asencio vomited and felt a headache and fever.

32.     Upon information and belief, Nelson Paulino, a Bronx Warehouse manager, saw Mr. Asencio vomit.

33.     Subsequently, Mr. Paulino told Mr. Asencio to go to the hospital.

34.     Mr. Paulino provided Mr. Asencio with a Chefs' Warehouse form and instructed him to have a doctor complete and sign the form before he would be permitted to return to work.

35.     Mr. Asencio went to North Central Bronx Hospital and obtained a test for COVID-19 that day.  The test results were positive for COVID-19.  In turn, a doctor at North Central Bronx Hospital told Mr. Asencio that he needed to quarantine for at least seven days, but likely longer.

36.     On approximately March 16, 2020, Mr. Asencio called Oscar Vasquez-Cain, a Human Resources Manager for Chefs' Warehouse, whose office is in the Bronx Warehouse.

37.     Mr. Asencio told Mr. Vasquez-Cain that he had tested positive for COVID-19 and would be unable to work for at least seven days.

38.     During that phone call, Mr. Vasquez-Cain told Mr. Asencio to take all the time he needed.

39.     On March 23, 2020, Mr. Asencio again spoke with a doctor at North Central Bronx Hospital.  The doctor instructed Mr. Asencio to continue to quarantine for at least seven more days.

40.     Mr. Asencio called Mr. Vasquez-Cain on March 23, 2020 and informed him of the doctor's instructions.

41.     During the March 23 call, Mr. Asencio told Mr. Vasquez-Cain that he had not received his most recent paycheck.

42.     Mr. Vasquez-Cain responded that he would investigate the paycheck issue.

43.     On or about March 24, 2020, Mr. Asencio received a phone call from Ivan Paulino, a Dairyland manager.  Mr. Paulino stated to Mr. Asencio that Dairyland had "sent him to unemployment."

44.      Mr. Asencio called Mr. Vasquez-Cain on March 25, 2020.  Mr. Vasquez-Cain confirmed that Dairyland had terminated Mr. Asencio's employment.

45.     Neither Mr. Vasquez-Cain nor any other of Defendants' representatives ever informed Mr. Asencio about FMLA leave subsequent to receiving news of his positive COVID-19 test.  Furthermore, none of Defendants' representatives ever provided Mr. Asencio with any paperwork or information for him to formally request leave pursuant to the FMLA.

46.     Defendants never had a discussion with Mr. Asensio about whether he required or was interested in an accommodation for his medical condition.

## FIRST CAUSE OF ACTION
## FMLA – INTERFERENCE

47.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48.     By the aforementioned actions, Defendants have interfered with, restrained, and denied Plaintiff his rights under the FMLA, in violation of 29 U.S.C. §§ 2612(a), 2614(a), and 2615(a).

49.     As a consequence of Defendants violation of the FMLA, Plaintiff has suffered severe damage, including deprivation of income and benefits, and loss of opportunity for advancement and promotion.

## SECOND CAUSE OF ACTION
## DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE NYSHRL

50.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

51.     Plaintiff was rendered disabled and unable to work due to his contraction of COVID-19.

52.     Defendants were aware of Plaintiff's disability.

53.     Defendants intentionally discriminated against Plaintiff.

54.     By the acts and said practices alleged above, Defendants have violated their independent duty to institute and engage in an interactive process with the Plaintiff in an attempt to find a reasonable accommodation for him.

55.     Further, Defendants failed to provide Plaintiff with a reasonable accommodation.

56.     Defendants knew that their actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutorily protected rights.

57.     As a consequence of the discrimination engaged in by Defendants, Plaintiff has suffered severe damages, including, but not limited to, deprivation of income and benefits, and loss of opportunity for advancement and promotion.

**THIRD CAUSE OF ACTION**
**DISCRIMINATION ON THE BASIS OF PERCEIVED DISABILITY**
**IN VIOLATION OF THE NYSHRL**

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     By the actions described above, among others, Defendants discriminated against Plaintiff on the basis of his perceived disability in violation of the NYSHRL.

60.     Defendants perceived Mr. Asencio as disabled and took adverse employment action against Mr. Asencio on the basis of that perception.

61.     Defendants terminated Plaintiff's employment after receiving notice that he was ill and would require leave to recover.

62.     As a consequence of the discrimination engaged in by Defendants, Plaintiff has suffered severe damages, including, but not limited to, deprivation of income and benefits, and loss of opportunity for advancement and promotion.

**FOURTH CAUSE OF ACTION**
**DISABILITY DISCRIMINATION AND FAILURE TO**
**ENGAGE IN COOPERATIVE DIALOGUE**
**IN VIOLATION OF THE NYCHRL**

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     Plaintiff was rendered disabled and unable to work due to his contraction of COVID-19.

65.     Defendants were aware of Plaintiff's disability.

66.     Defendant intentionally discriminated against Mr. Asencio.

67.     By the acts and said practices alleged above, Defendant has violated their independent duty to institute and engage in a cooperative dialogue with Plaintiff in an attempt to find a reasonable accommodation for him.

68.     Further, Defendant failed to provide Plaintiff with a reasonable accommodation.

69.     Defendant knew that its actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutorily protected rights.

70.     As a consequence of the discrimination engaged in by Defendant, Plaintiff has suffered severe damages, including, but not limited to, deprivation of income and benefits, and loss of opportunity for advancement and promotion.

**FIFTH CAUSE OF ACTION**
**DISCRIMINATION ON THE BASIS OF PERCEIVED DISABILITY**
**IN VIOLATION OF THE NYCHRL**

71.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.     By the actions described above, among others, Defendant discriminated against Plaintiff on the basis of perceived disability in violation of the NYCHRL.

73.     Defendant perceived Mr. Asencio as disabled and took adverse employment action against Mr. Asencio on the basis of that perception.

74.     Defendant terminated Plaintiff's employment immediately after receiving notice that he was ill and would require leave to recover.

75.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer harm for which he is entitled to an award of damages, to the greatest extent permitted under law, in addition to reasonable attorneys' fees and expenses.

76.     Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## DEMAND FOR JURY TRIAL

77.     Plaintiff herein demands a trial by jury for all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Luis Asencio demands that a judgment be entered in his favor and that the Court order and award Plaintiff the following relief against Defendants:

A.     A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States, the State of New York and the City of New York;

B.     An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages;

10

C.      An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's emotional distress;

D.      An award of punitive damages in an amount to be determined at trial;

E.      An award of liquidated damages in an amount to be determined at trial;

F.      Pre-judgment interest on all amounts due;

G.      An award of Plaintiff's reasonable attorneys' fees and costs; and

H.      Such other and further relief as the Court may deem just and proper.

Dated: Melville, New York
          September 17, 2020

Respectfully submitted,

**KESSLER MATURA P.C.**

By: /s/ Troy L. Kessler
          Troy L. Kessler

534 Broadhollow Road, Suite 275
Melville, New York 11747
(631) 499-9100

***Attorneys for Plaintiff***